# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES REDMOND, II,** | 2:21-cv-11206 |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | |
| **STATE OF MICHIGAN**, | **OPINION AND ORDER OF SUMMARY DISMISSAL** |
| Defendant. | |

Plaintiff is an inmate confined at the Genesee County Jail in Flint, Michigan. Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On June 21, 2021, Magistrate Judge David R. Grand signed an order of deficiency. (ECF No. 2). The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his jail trust account from an authorized jail official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. In the alternative, the order allowed Plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the $ 52.00

administrative fee, in full. Plaintiff was given thirty days to comply with the order.

Plaintiff has now provided a copy of his jail trust account statement to the Court. (ECF No. 5). Plaintiff, however, failed to provide the Court with an application to proceed without prepayment of fees. Plaintiff also failed to submit a written authorization to withdraw funds from his jail trust fund account. Plaintiff's account statement is also deficient because it is not signed or certified by a jail official.

Section 1915(a)(2) of Title 28 of the United States Code requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison or jail at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district

court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff's complaint is initially deficient because he failed to file an application to proceed without prepayment of fees or costs. *See e.g. Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003).

Plaintiff's complaint is also deficient because he failed to file an authorization to withdraw funds from his jail trust account. When Plaintiff filed his complaint, he became responsible for the filing fee and waived any objection to the withdrawal of funds from his jail trust fund account to pay court fees and costs. *McGore*, 114 F. 3d at 605. Plaintiff's complaint is also deficient because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x 530, 533 (3rd Cir. 2010).

Plaintiff did provide a copy of his computerized jail trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x

3

at 805. However, Plaintiff failed to provide the Court with a signed certification regarding the trust fund account. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x 208, 209-10 (10th Cir. 2004).

For these reasons, the Complaint must be dismissed without prejudice for want of prosecution; Plaintiff failed to comply with the deficiency order. *See e.g. Erby v. Kula*, 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this Order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**IT IS SO ORDERED.**

Dated: September 29, 2021   s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE